# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 22-52950-PMB |
| | : | |
| ATLANTA LIGHT BULBS, INC., | : | CHAPTER 7 |
| | : | |
| Debtor. | : | JUDGE BAISIER |
| S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR ATLANTA LIGHT BULBS, INC., DEBTOR, | : : : : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. _____ |
| | : | |
| OSRAM SYLVANIA INC., | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff S. Gregory Hays, not individually, but as Chapter 7 Trustee ("**Plaintiff**" or "**Trustee**") for the Estate (the "**Estate**") of Atlanta Light Bulbs, Inc., Debtor ("**Debtor**") in the above captioned Bankruptcy Case (the "**Bankruptcy Case**"), by and through counsel, hereby files this *Complaint* (the "**Complaint**") against Defendant OSRAM Sylvania Inc. ("**Sylvania**" or the "**Defendant**") and respectfully alleges as follows:

## **JURISDICTION AND VENUE**

1. This adversary proceeding (the "**Adversary Proceeding**") is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and sections 544, 547, 550, and 551 of chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") and any other applicable law.

2. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157.

3. This Adversary Proceeding arises out of and relates to the Bankruptcy Case and is a "core" proceeding within the meaning of 28 U.S.C. § 157 to be heard and determined by this Court.

4. This Court may enter final orders or judgments in this Adversary Proceeding.

5. Venue over this Adversary Proceeding resides in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Court has jurisdiction over the Defendant pursuant to Rule 7004 of the Bankruptcy Rules.

## PROCEDURAL BACKGROUND AND PARTIES

7. On April 15, 2022 (the "**Petition Date**"), Halco Lighting Technologies, LLC, Norcross Electric Supply Company and Candela Corporation filed an involuntary petition against the Debtor for relief under Chapter 11 of Title 11 of the United States Code.

8. On May 23, 2022, the Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code [Doc. No. 21].

9. On July 7, 2022, the Court entered an order [Doc. No. 109] converting the Bankruptcy Case to Chapter 7 and directing the United States Trustee to appoint an interim Chapter 7 Trustee in the Bankruptcy Case.

10. On July 7, 2022, the United States Trustee appointed S. Gregory Hays as the interim Trustee of the Debtor.

11. S. Gregory Hays is the duly appointed and acting permanent Chapter 7 Trustee in the Bankruptcy Case.

12. The Plaintiff has standing and the right and power to: a) avoid and recover any transfer of an interest or property of the Debtor or any obligation of the Debtor that may be voided; and b) assert the claims and seek the relief requested herein.

13. Defendant Sylvania is a Delaware corporation registered with the Georgia Secretary of State as a foreign profit corporation in Georgia.

14. Defendant Sylvania may be served with this Complaint through its registered agent, Corporate Creations Network, Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

15. Defendant is subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004 and any other applicable law.

## FACTUAL BACKGROUND

16. Prior to the Petition Date, the Debtor operated a lighting business in Georgia incident to which the Defendant provided goods and/or services to the Debtor.

17. During the period where the Debtor was facing financial difficulties and was insolvent or in the vicinity of insolvency, Defendant received certain transfers from the Debtor for or on account of an antecedent debt owed by Debtor before such transfers were made.

18. On or within the ninety (90) days before the Petition Date (the "**Preference Period**"), the Debtor transferred and/or caused to be transferred to or for the benefit of the Defendant one or more payments or transfers in, at least, the total amount of $102,187.95 (the "**Transfers**"). The details of the Transfers of which the Trustee has verified based on incomplete information and documentation are set forth on **Exhibit A** attached hereto and incorporated by reference. **Exhibit A** includes certain details available to the Trustee regarding shipments to the Debtor after the identified Transfers.

19. The Trustee anticipates that, during the course of this Adversary Proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers of money or other property of the Debtor made to the Defendant. To the extent that the Trustee discovers the existence of additional transfers to Defendant that are avoidable, Plaintiff intends to avoid and recover all

transfers of property or an interest of the Debtor to or for the benefit of Defendant that are avoidable. As such, additional transfers may be added as further information and documentation becomes available to the Trustee and this Complaint is not limited to the Transfers disclosed as part of the defined term.

## RESERVATION OF RIGHTS

20. The Plaintiff reserves the right to amend this original Complaint, including, but not limited, to: (a) include further information regarding the Transfers or any other transfers of property of the Estate; (b) include additional transfers; (c) include modifications of and/or revision to the name of the Defendant; and/or (d) include additional causes of action that may become known to Plaintiff at any time during this Adversary Proceeding, through discovery or otherwise. Any amendments to this Complaint shall relate back to this original Complaint.

## FIRST CAUSE OF ACTION
**(Avoidance of Preferences – 11 U.S.C. §§ 544, 547, 550, and 551)**

21. Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

22. The Debtor made each of the Transfers within the 90 days immediately preceding the Petition Date to, or for the benefit of, Defendant.

23. Each of the Transfers constitutes a transfer of an interest of property of the Debtor.

24. The account from which each of the Transfers was drawn was owned by the Debtor.

25. Each of the Transfers was to, or for the benefit of, a creditor of the Debtor.

26. Each of the Transfers was payable to, cashed by, or wired to and/or accepted by Defendant.

27. The Debtor made each of the Transfers for or on account of an antecedent debt that was owed by the Debtor prior to the date of the Transfers.

4

28. The Transfers were made in satisfaction of obligations of the Debtor pursuant to an agreement between the Defendant and the Debtor and were in payment for goods previously delivered and/or services previously performed by Defendant.

29. Each of the Transfers was made while the Debtor was insolvent for purposes of 547(b)(3) of the Bankruptcy Code. The Debtor was insolvent at the time of each of the Transfers or was rendered insolvent as a result of the Transfers.

30. Pursuant to Section 547(f) of the Bankruptcy Code, Plaintiff is entitled to the presumption of insolvency for each of the Transfers made during the Preference Period.

31. Each of the Transfers was made during the Preference Period.

32. Each of the Transfers enabled Defendant to receive more than Defendant would have received if: (a) the Bankruptcy Case was administered under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; or (c) Defendant had received payment of the debt owed by the Debtor to the extent allowable pursuant to the Bankruptcy Code.

33. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

34. Based on the foregoing, each of the Transfers constitutes an avoidable preferential transfer pursuant to sections 544 and 547(b) of the Bankruptcy Code and, in accordance with Sections 550 and 551 of the Bankruptcy Code, the Plaintiff may avoid each of the Transfers for the benefit of the Estate of the Debtor. Based upon the foregoing and based on reasonable due diligence in the circumstances of the case and taking into account known or reasonably knowable affirmative defenses under subsection (c) of 547, Plaintiff is entitled to an order and judgment against Defendant: (a) avoiding the Transfers under section 547(b) of the Bankruptcy Code; and (b) entitling Plaintiff to recover the Transfers or the value of the Transfers under Sections 550 and 551

of the Bankruptcy Code, together with the award of pre and post judgment interest to the date of payment or other satisfaction of such order and judgment and the costs of this action.

## SECOND CAUSE OF ACTION
### (Recovery and Preservation of Avoided Transfers – 11 U.S.C. §§ 550 and 551)

35. Plaintiff repeats, alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth in this cause of action.

36. Defendant was the entity for whose benefit the Transfers were made.

37. Defendant was the initial transferee of the Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoided Transfers were made.

38. To the extent that any transfers, including the Transfers, are avoided (collectively, "**Avoided Transfers**"), the Plaintiff may preserve and recover such transfers or obligations pursuant to Sections 550 and 551 of the Bankruptcy Code.

39. Pursuant to Sections 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to preserve and recover the transfers, plus interest thereon to the date of payment and the costs of this action, for the benefit of the Estate of the Debtor.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that the Court grant relief and enter a judgment in favor of the Plaintiff as follows:

A. on the First Cause of Action, determines that each of the Transfers are avoidable and order that each of the Transfers be set aside as preferential transfers and recovered by the Trustee for the benefit of the Estate pursuant to Sections 544, 547(b), 550, and 551 of the Bankruptcy Code;

B. avoids each of the Transfers (along with any additional avoidable transfers that

discovery may reveal) in favor of the Trustee and directs and orders the Defendant to return to the Trustee the full value of and award judgment against Defendant in an amount equal to: i) the Transfers (along with any additional avoidable transfers that discovery may reveal) and requiring Defendant to immediately pay the foregoing to the Trustee; and ii) pre-judgment and post-judgment interest from the date of the Transfers through the date of the payment at the maximum legal rate.

      C.     on the Second Cause of Action, determines that each of the Transfers, to the extent that they are avoided, shall be recovered by Plaintiff pursuant to Sections 550 and 551 of the Bankruptcy Code;

      D.     awards pre-judgment interest at the maximum legal rate running from the date of filing of the Complaint to the date of judgment herein;

      E.     awards post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

      F.     requires the Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

      G.     grants Plaintiff such other and further legal or equitable relief as the Court deems just and proper under the circumstances of this case.

Dated: March 31, 2023.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee for the Estate of Atlanta Light Bulb, LLC, Debtor*

Atlanta Light Bulbs, Inc.
Case # 22-52950-PMB
Payments to OSRAM Sylvania Inc.
Bankruptcy Petition filed on April 15, 2022

| Clearance Date | Check Date | Check # | Check Amt | Invoice Date | Days to Pmt | Invoice # | Payment |
|---|---|---|---|---|---|---|---|
| 02/09/22 | 12/17/21 | 10133 | $5,475.87 | 08/13/20 | 545 | 940557845 | $239.20 |
| | | | | 08/13/20 | 545 | 940557965 | $1,529.74 |
| | | | | 08/14/20 | 544 | 940558201 | $129.00 |
| | | | | 08/14/20 | 544 | 940558202 | $56.40 |
| | | | | 08/14/20 | 544 | 940558288 | $283.65 |
| | | | | 08/14/20 | 544 | 940558289 | $255.75 |
| | | | | 08/17/20 | 541 | 940558563 | $279.00 |
| | | | | 08/17/20 | 541 | 940558564 | $64.56 |
| | | | | 08/17/20 | 541 | 940558565 | $10.76 |
| | | | | 08/17/20 | 541 | 940558566 | $64.56 |
| | | | | 08/17/20 | 541 | 940558695 | $600.00 |
| | | | | 08/19/20 | 539 | 940559608 | $23.25 |
| | | | | 08/19/20 | 539 | 940559759 | $1,940.00 |
| | | | | | | | $5,475.87 |
| 02/09/22 | 02/03/22 | 10165 | $96,712.08 | 08/24/20 | 534 | 940560745 | $246.00 |
| | | | | 08/24/20 | 534 | 940560746 | $123.00 |
| | | | | 08/24/20 | 534 | 940560747 | $123.00 |
| | | | | 08/24/20 | 534 | 940560748 | $3,694.28 |
| | | | | 08/25/20 | 533 | 940561224 | $2,046.00 |
| | | | | 08/26/20 | 532 | 940561606 | $78.60 |
| | | | | 08/26/20 | 532 | 940561607 | $78.60 |
| | | | | 08/26/20 | 532 | 940561609 | $39.30 |
| | | | | 08/27/20 | 531 | 940562028 | $55.70 |
| | | | | 08/27/20 | 531 | 940562152 | $239.10 |
| | | | | 08/28/20 | 530 | 940562347 | $3,395.00 |
| | | | | 08/28/20 | 530 | 940562374 | $43.68 |
| | | | | 08/28/20 | 530 | 940562506 | $251.52 |
| | | | | 08/28/20 | 530 | 940562507 | $157.20 |
| | | | | 08/28/20 | 530 | 940562508 | $542.40 |
| | | | | 08/28/20 | 530 | 940562509 | $54.24 |
| | | | | 08/28/20 | 530 | 940562510 | $2,440.80 |
| | | | | 08/28/20 | 530 | 940562511 | $78.60 |
| | | | | 08/31/20 | 527 | 940562832 | $426.25 |
| | | | | 08/31/20 | 527 | 940562834 | $426.25 |
| | | | | 09/01/20 | 526 | 940563303 | $36.80 |
| | | | | 09/04/20 | 523 | 940564420 | $2,046.00 |
| | | | | 09/08/20 | 519 | 940564874 | $25,009.30 |
| | | | | 09/08/20 | 519 | 940564876 | $1,175.20 |
| | | | | 09/09/20 | 518 | 940565406 | $3,218.96 |
| | | | | 09/10/20 | 517 | 940565781 | $1,265.60 |

| Date | | | |
|---|---|---|---:|
| 09/15/20 | 512 | 940567019 | $66.40 |
| 09/15/20 | 512 | 940567021 | $4,288.90 |
| 09/15/20 | 512 | 940567022 | $6,428.00 |
| 09/15/20 | 512 | 940567020A | $1,114.00 |
| 09/15/20 | 512 | 940567020B | $167.10 |
| 09/21/20 | 506 | 940568522 | $110.24 |
| 09/21/20 | 506 | 940568523 | $3,214.00 |
| 09/21/20 | 506 | 940568524 | $838.24 |
| 09/22/20 | 505 | 940568984 | $68.64 |
| 09/23/20 | 504 | 940569416 | $6,703.00 |
| 09/23/20 | 504 | 940569417 | $76.96 |
| 09/23/20 | 504 | 940569419 | $104.00 |
| 09/23/20 | 504 | 940569420 | $1,944.17 |
| 09/24/20 | 503 | 940569902 | $600.00 |
| 09/24/20 | 503 | 940569903 | $6,609.70 |
| 09/24/20 | 503 | 940569904 | $4,114.50 |
| 09/24/20 | 503 | 940569907 | $811.00 |
| 09/29/20 | 498 | 940571101 | $560.00 |
| 09/29/20 | 498 | 940571102 | $840.00 |
| 09/29/20 | 498 | 940571103 | $680.00 |
| 10/07/20 | 490 | 940573565 | $1,455.00 |
| 10/07/20 | 490 | 940573566 | $485.00 |
| 10/12/20 | 485 | 940574712 | $1,455.00 |
| 10/15/20 | 482 | 940575937 | $6,146.85 |
| 10/15/20 | 482 | 940575938 | $170.88 |
| 10/20/20 | 477 | 940577253 | $59.00 |
| 10/21/20 | 476 | 940577650 | $80.90 |
| 10/21/20 | 476 | 940577651 | $102.90 |
| 11/19/20 | 447 | 940586425 | $126.32 |
| | | | $96,712.08 |

$102,187.95                                                                $102,187.95

Shipments (New Value):

| Invoice Date | Invoice # | Invoice Amt |
|---|---|---:|
| 02/16/22 | 940701308 | $960.00 |
| 02/17/22 | 940701576 | $2,238.20 |
| 02/17/22 | 940701577 | $9,296.53 |
| 02/17/22 | 940701578 | $27,792.20 |
| 02/17/22 | 940701626 | $522.50 |
| 03/01/22 | 940704436 | $2,010.00 |
| 03/07/22 | 940705853 | $361.00 |
| 03/14/22 | 940707848 | $204.00 |
| 03/17/22 | 940708898 | $433.20 |
| | | $43,817.63 |

Net Preference Claim:                                                $58,370.32